819 So.2d 255 (2002)
GENERAL HOME DEVELOPMENT CORPORATION, Appellant,
v.
Wayne E. KWIRANT and Penny M. Kwirant, Appellees.
No. 2D01-4321.
District Court of Appeal of Florida, Second District.
June 28, 2002.
*256 Larry S. Hersch of Hersch & Kelly, P.A., Dade City, for Appellant.
Randall P. Mueller and David M. Pearce of Carey, O'Malley, Whitaker & Manson, P.A., Tampa, for Appellees.
CASANUEVA, Judge.
When General Home Development Corporation sued Wayne and Penny Kwirant in Pasco County for breach of a contract to build a home in Pinellas County, the Kwirants moved to transfer venue to Pinellas County. The trial court granted the motion, finding that the contractual venue clause providing for venue in East Pasco County, Florida, was not mandatory and further finding that transfer of venue was appropriate for the convenience of the parties. General Home has appealed from that order, and we reverse.
General Home's complaint essentially alleged that the Kwirants stalled on commencement of building by executing many change orders and then breached the contract by failing to move forward and attempting to terminate the contract. General Home filed suit in Pasco County based on the following contractual provision:
17) Collection Costs: .... Should litigation become necessary due to a conflict between Purchaser and Builder, the Purchaser and Builder hereby waive the right to a trial by jury, and agree to a non-jury trial to settle the dispute. All amounts due Builder hereunder shall accrue interest at the rate of eighteen percent (18%) per annum from the due date thereof until paid, and should it become necessary for Builder to collect said payments through an attorney, the Purchaser hereby agrees to pay all costs of such collection, including a reasonable attorney's fee. Venue in any action brought by the Purchaser or Builder shall be in East Pasco County, Florida. In any court action to enforce any provision of this contract, the prevailing party to the court action shall be entitled to recover from the non-prevailing party reasonable attorneys fees, costs and expenses.
(Emphasis added). After a hearing the circuit court found that the contractual venue clause was permissive, not mandatory. That aspect of the circuit court's decision is reviewable by this court de novo. See Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 630 (Fla. 1st DCA 1999) ("Because the venue order in this case turns on an issue of law, we must review the order by the de novo standard.").
In this appeal of a nonfinal order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A), we have for review only the limited appendix that the parties have filed pursuant to Florida Rule of Appellate Procedure 9.220. The appendix does not include *257 a transcript of the hearing on this motion, but we are puzzled by the trial court's conclusion that the following language is permissive: "Venue in any action brought by Purchaser or Builder shall be in East Pasco County, Florida" (emphasis added). The forum selection language of this contract is phrased in mandatory terms and specifically gives each party the contractual right to demand that the case be litigated in East Pasco County, Florida. See Granados Quinones v. Swiss Bank Corp., 509 So.2d 273 (Fla.1987); Mgmt. Computer Controls, 743 So.2d 627. In almost identical language the Fifth District found that a contract bound the parties to venue in Highlands County in Professional Planning Services, Inc. v. Sunshine Staff Leasing, Inc., 695 So.2d 883, 884 (Fla. 5th DCA 1997): "[I]t is agreed that venue and jurisdiction shall be the Circuit Court, County of Highlands, State of Florida."
The Kwirants argue on appeal that the contractual venue clause does not contain sufficient mandatory language to the effect that East Pasco County is "the sole" or "the exclusive" or "the only" venue for the litigation. They cite, for example, the language in Management Computer Controls, 743 So.2d at 631, which stated: "Any action ... arising out of this Agreement shall be initiated and prosecuted in the Court of Shelby County, Tennessee, and nowhere else; both you and MC2 do hereby waive the right to change venue." The Kwirants contend that the phrase "and nowhere else" was required to limit venue to Shelby County, Tennessee. Our view, however, is that the phrase is a mere redundancy and that the provision without the "and nowhere else" language is susceptible only of the identical interpretation as the provision including that language. Similarly, in this case, the requirement that any action brought by the purchaser or builder shall be in East Pasco County is susceptible of only one interpretation that the parties have expressed an intent to limit venue to one specific locale.
The Kwirants have argued that a number of cases support the trial court's legal conclusion that the venue language is permissive, but all of the cases are distinguishable. For instance, in Dataline Corp. v. L.D. Mullins Lumber Co., 588 So.2d 1078, 1080 (Fla. 4th DCA 1991), the venue provision was found to be binding on only one party. The relevant portion of the contract stated that "the customer expressly submits to the jurisdiction thereof and to the jurisdiction and venue for the federal district court for Connecticut at New Haven by process served by mail on customer at its address set forth on the cover page." The contractual language in Dataline restricted only the defendant customer in its choice of where to file suit, not the plaintiff, who was "implicitly left with the right to sue in any other appropriate forum." Id. at 1080. Similarly, in Sauder v. Rayman, 800 So.2d 355, 359 (Fla. 4th DCA 2001), the court held that the following forum selection clause was permissive: "[T]he parties submit to the jurisdiction of any federal court sitting in Chicago ... and agree that all claims in respect of such action of proceeding may be heard and determined in any such court." (Emphasis in original.) The court concluded that the clause could be interpreted as providing for the parties' consent to jurisdiction in Chicago but not as requiring that all actions be filed in Chicago. Id.
In contrast to the cases cited by the Kwirants, the venue language here suggests only that the parties intended for venue of any dispute to be in East Pasco County, Florida. In finding otherwise the court erred as a matter of law. Furthermore, after finding the venue clause permissive, the circuit court continued by *258 finding that the convenience of the parties supported transfer of the case to Pinellas County. However, "[a] contractual waiver of venue privileges encompasses and controls the grounds of convenience as well as other statutory grounds to change venue set out in Chapter 47." Derrick & Assoc. Pathology v. Kuehl, 617 So.2d 866, 867 (Fla. 5th DCA 1993).
On appeal to this court the Kwirants have also argued that the venue provision is void because there is no such forum as "East Pasco County, Florida." Acknowledging that they did not present this argument to the circuit court, they urge us to affirm the court's decision on the basis of the "right for the wrong reason" rule. See Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999); Home Depot U.S.A. Co. v. Taylor, 676 So.2d 479, 480 (Fla. 5th DCA 1996). We reject this argument not only because they waived it but also because their premise that there exists no such forum as "East Pasco County" is false. The Kwirants do not argue that they did not understand the meaning of the contract they signed, and even a cursory look at the Florida Bar Journal directory issue will reveal that there are two courthouses in Pasco Countyone in Dade City (east Pasco County) and the other in New Port Richey (west Pasco County)and that the same clerk of court is responsible for both divisions. "Sixth Judicial Circuit," 75 Fla. Bar. J. 622, 622-23 (Sept.2001); see also Admin. Order No. 81-19 (May 6, 1981) (on file with Clerk, 6th Jud. Cir.) (governing the filing and assignment of civil proceedings in the two divisions of the circuit court of Pasco County and describing a demarcation line between the east and west portions of the county).
Accordingly, we reverse the order granting the motion to transfer venue and remand for further proceedings in accordance with this opinion.
PARKER and STRINGER, JJ., Concur.