829 So.2d 356 (2002)
SHOPPES LIMITED PARTNERSHIP, etc., et al., Appellants,
v.
Steve CONN and Akemi Y. Yabu, Appellees.
No. 5D02-497.
District Court of Appeal of Florida, Fifth District.
November 1, 2002.
*357 Todd F. Kobrin of Shutts & Bowen LLP, Orlando, for Appellants.
No appearance for Appellees.
COBB, J.
The plaintiff, Shoppes Limited Partnership, appeals from an order dismissing its complaint with prejudice. The order determined that the court lacked jurisdiction over the complaint based on a forum selection clause contained in the guaranty which the plaintiff sought to enforce.
The forum selection clause, paragraph 11 of the guaranty, provided:

Applicable Law. This instrument shall be construed in accordance with the laws of Massachusetts. The Guarantor hereby consents to the jurisdiction of the state and federal courts of the Commonwealth of Massachusetts.
The trial court ruled that paragraph 11 specifically required jurisdiction be in Massachusetts. The trial court's construction of paragraph 11 as mandating that suit be brought in Massachusetts was erroneous. See Granados Quinones v. Swiss Bank Corp., 509 So.2d 273 (Fla. 1987).[1]
Florida courts recognize a distinction between mandatory jurisdiction clauses in contracts which require that a particular forum be the exclusive jurisdiction for *358 litigation concerning the contract, and permissive jurisdiction clauses which only provide that there may be jurisdiction over such litigation in a particular forum. Granados, 509 So.2d at 274. In Granados the supreme court explained that permissive forum clauses constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in other forums.
In considering whether a forum selection clause is permissive or mandatory, the general rule is that such a clause will be considered permissive where it lacks words of exclusivity. Sanwa Bank, Ltd. v. Kato, 734 So.2d 557 (Fla. 5th DCA 1999). Thus, in Granados the forum selection clause was deemed permissive where it used "may" instead of "shall" to describe the creditor's ability to choose to take legal proceedings to courts of Guatemala or Panama. Likewise in Sanwa the forum selection clause was not mandatory where it provided that the parties agreed "that the Court having the jurisdiction in the locale in which the head office or branch office of your Bank is located shall be the competent Court". See also Sauder v. Rayman, 800 So.2d 355 (Fla. 4th DCA 2001) (forum selection clause deemed permissive where it provided "the parties submit to the jurisdiction of any federal court sitting in Chicago" but did not require that actions be filed there).
Conversely forum selection clauses which state or clearly indicate that any litigation must or shall be initiated in a specified forum are mandatory. See e.g. Management Computer Controls, Inc. v. Charles Perry Construction, Inc., 743 So.2d 627 (Fla. 1st DCA 1999) ("Any action... arising out of this Agreement shall be initiated and prosecuted in the court of Shelby County, Tennessee, and nowhere else"); Operadora Seryna, S.A. de C.V. v. Banco Bilbao VizcayaMexico, S.A., 762 So.2d 595 (Fla. 5th DCA 2000) (parties submitted themselves "to the ... courts of... [Mexico], waiving any other territorial jurisdiction that they may have").
Paragraph 11, in providing that the "Guarantor hereby consents to the jurisdiction of the state and federal courts" of Massachusetts lacks words of exclusivity. It is a classic permissive forum selection clause doing nothing more than consenting to jurisdiction in Massachusetts but not excluding jurisdiction in another forum. The trial court erred in finding paragraph 11 to be a mandatory forum selection clause.
REVERSED AND REMANDED.
SHARP, W. and PLEUS, JJ., concur.
NOTES
[1] While the guaranty provides that it shall be construed in accordance with the laws of Massachusetts, issues concerning venue and the validity of forum selection clauses are deemed procedural in nature and governed by the law of the forum state. Kerr Construction, Inc. v. Peters Contracting, Inc., 767 So.2d 610 (Fla. 5th DCA 2000).