911 So.2d 218 (2005)
Arthur P. DORE, Appellant,
v.
Tony L. ROTEN and Kelly Roten, Appellees.
American Boxing & Athletic Association, Inc.; and Adoreable Promotions, Inc., Appellants,
v.
Tony L. Roten and Kelly Roten, Appellees.
Nos. 2D04-1367, 2D04-1373.
District Court of Appeal of Florida, Second District.
September 23, 2005.
*219 Kenneth L. Olsen of Law Firm of Kenneth Olsen, Tampa, for Appellants American Boxing & Athletic Association, Inc. and Adoreable Promotions, Inc.
Thomas M. Hoeler and Glenn M. Burton, Burton, Schulte, Weekley, Hoeler & Beytin, P.A., Tampa, for Appellant Arthur P. Dore.
Gregory S. Kehoe and Sean P. Cronin of James, Hoyer, Newcomer & Smiljanich, P.A., Tampa for Appellees.
NORTHCUTT, Judge.
This case arose from a "Toughman" contest held one weekend in June 2003 at Robards Arena in Sarasota. A Toughman contest involves a series of bouts between amateur fighters who are paired against each other in boxing rings. Tony Roten fought in the Sarasota competition and was seriously injured. He and his wife, Kelly Roten, sued to recover their resulting damages. The defendants included a Michigan resident named Arthur Dore and two Michigan corporations, American Boxing & Athletic Association, Inc., and Adoreable Promotions, Inc., along with two Florida defendants. In this appeal, the Michigan defendants challenge the circuit court's nonfinal order denying their motions to change venue or to dismiss for improper venue.[1] We affirm.
The Rotens filed their suit in Hillsborough County Circuit Court, seeking damages for Mr. Roten's injuries and for Mrs. Roten's loss of consortium. They alleged negligence claims against the Michigan defendants, who promoted the contest, and against Raymond Blackburn, a Florida resident who refereed the contest. The Rotens also asserted a premises liability claim against the Sarasota County Agricultural Fair Association, the corporation that controls events at Robards Arena. Blackburn and the Fair Association answered the Rotens' complaint and pleaded affirmative defenses. The Michigan defendants filed motions to change venue or, in the alternative, to dismiss the action.
These motions were based on a provision in a release and waiver agreement that Mr. Roten signed before participating in the Toughman contest. In that document, Mr. Roten agreed to "release, waive, forever discharge and covenant not to sue" numerous people and entities including at least one of the Michigan defendants "of and from any and all claims, actions, causes of action" that "have or which may later accrue on account of [Mr. Roten's] participation in" the Toughman contest. The document then warned about the risks associated with the competition. The next paragraph stated:
This release and waiver of all claims and acknowledgment is intended to be as broad and inclusive as permitted by the laws of the jurisdiction where the Event takes place and that if any portion of this document is deemed invalid, that the balance shall, notwithstanding, continue in full legal force and effect. If any disputes arise which are related in *220 any way to this document, then I consent and agree that jurisdiction for such dispute shall be in Bay City, Michigan.

(Emphasis supplied.)
The Michigan defendants argued that the emphasized language required the circuit court to dismiss the Rotens' tort actions or to transfer venue to Michigan. The circuit court rejected this argument. It reasoned that enforcing this venue provision would result in multiple lawsuits, split the causes of action, and create the potential for conflicting results in Florida and Michigan. We agree.
The Michigan parties maintain that a line of cases culminating in Ware Else, Inc. v. Ofstein, 856 So.2d 1079, 1083 (Fla. 5th DCA 2003), holds that "mere inconvenience or additional expense" to the parties is an insufficient reason to refuse to enforce a venue selection clause that attempts to transfer an essentially local dispute to a remote forum. But Ware Else does not control here. In that case the plaintiff filed a suit involving two contracts, one containing a clause naming Missouri as the proper venue, and one with no venue clause. The circuit court refused to dismiss the suit based on the contract containing the venue clause in part because splitting the plaintiff's causes of action on the two contracts would cause the parties to litigate in two different courts. The district court acknowledged that this ruling was practical, but it found that this "inconvenience" was an insufficient basis for ignoring the contractual venue clause. It reversed and remanded with directions to the circuit court to dismiss the action on the contract containing the venue provision. Id. at 1083.
We have no dispute with the Ware Else reasoning as applied to the facts presented there. That case involved two causes of action founded on distinct contracts. The plaintiff was employed pursuant to a letter agreement with Ware Enterprises, Inc., a Missouri corporation that maintained an office and transacted business in Florida. Ware Enterprises subsequently asked her to sign a covenant not to compete with either Ware Enterprises or its parent, Ware Else, Inc., which had no presence in Florida. That contract contained the provision denominating Missouri as the proper venue. Id. at 1080-81. When the plaintiff was fired, she filed suit against Ware Enterprises, seeking compensation under the terms of the letter agreement, and against Ware Enterprises and Ware Else for a declaration concerning the validity of the noncompete agreement. Although both actions were related to the plaintiff's employment, her causes of action stemmed from different contracts, they were based on different theories, and they sought different forms of relief. Her potential for success on either count did not depend on the other.
On the other hand, Roten's tort claims against the five defendants are all based on the same incident and are legally and factually interrelated. For example, his charges that the Michigan parties failed to adequately supervise the participants and provide for the participants' safety, and that American Boxing and Dore were negligent in arranging the referees for the bouts, interrelate with his allegations that Blackburn, the referee, was associated with the Michigan parties for over ten years and that he negligently failed to protect Roten during the bout. In turn, Roten asserts that the Fair Association also had a long relationship with the Michigan parties, that it should have known of the problems attendant to the Toughman competitions, and that it had a duty to investigate the safety of the contest.
This court has held that the necessity of multiple suits in different venues may provide a compelling reason not to enforce a *221 venue agreement. Interval Mktg. Assocs., Inc. v. Sea Club Assocs. IV, Ltd., 468 So.2d 262, 263 (Fla. 2d DCA 1985). While it was inconvenient for the plaintiff in Ware Else to file two suits in two separate venues, her causes of action were not split because the two contracts were independent. Here the tort allegations against the various defendantstwo of which have submitted to the jurisdiction of the Florida court and likely could not be haled into court in Michiganare intertwined and based on the same incident. Thus, if the suits were pursued in two different courts, there could be different results based on the same conduct. For these reasons, the circuit court correctly declined to enforce the venue provision in the release. See Miller & Solomon Gen. Contractors, Inc. v. Brennan's Glass Co., 837 So.2d 1182, 1184 (Fla. 4th DCA 2003); Carlson-Southeast Corp. v. Geolithic, Inc., 530 So.2d 1069, 1072 (Fla. 1st DCA 1988); Girdley Constr. Co. v. Architectural Exteriors, Inc., 517 So.2d 137 (Fla. 5th DCA 1987).
In any event, as we have held in our opinion in American Boxing v. Young, No. 2D04-3394, 911 So.2d 862, 2005 WL 2320116 (Fla. 2d DCA Sept. 23, 2005), which stemmed from the same Toughman contest and the identical release at issue here, the venue selection provision contained in the release does not apply to tort actions, and it is permissive rather than mandatory. Therefore, even if the circuit court's ruling in the Rotens' case had been based on an incorrect theory, we would affirm. See Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 643 (Fla.1999) (stating that an appellate court is not limited to considering the reasons a trial court gives, but must affirm a judgment if it is legally correct regardless of those reasons).
Affirmed.
VILLANTI, J., Concurs.
SILBERMAN, J., Concurs specially with opinion.
SILBERMAN, Judge, Specially concurring.
I fully concur in the majority opinion with one exception. For the same reasons expressed in the concurring opinion in American Boxing v. Young, No. 2D04-3394, 911 So.2d 862, 2005 WL 2320116 (Fla. 2d DCA Sept. 23, 2005), I cannot agree that the venue selection provision is permissive rather than mandatory.
NOTES
[1] Fla. R.App. P. 9.130(a)(3)(A).