911 So.2d 862 (2005)
AMERICAN BOXING & ATHLETIC ASSOCIATION, INC., and Adoreable Promotions, Inc., Appellants,
v.
Robert Charles YOUNG, as Personal Representative of the Estate of Stacy Young, Deceased, Appellee.
No. 2D04-3394.
District Court of Appeal of Florida, Second District.
September 23, 2005.
*863 Kenneth L. Olsen of Law Firm of Kenneth Olsen, Tampa, for Appellants.
Gregory S. Kehoe and Sean P. Cronin of James, Hoyer, Newcomer & Smiljanich, P.A., Tampa, for Appellee.
NORTHCUTT, Judge.
On a weekend in June 2003 Sarasota's Robards Arena hosted a "Toughman" contest, in which amateur combatants faced off in a boxing ring. Stacy Young, a first-time fighter, died from injuries suffered in her bout. Mrs. Young's husband and personal representative, Robert Young, sued several defendants to recover for her death. Among them were a Michigan resident named Arthur Dore and two Michigan corporations, American Boxing & Athletic Association, Inc., and Adoreable Promotions, Inc. In this appeal, American and Adoreable challenge the circuit court's nonfinal order denying their motions to change venue.[1] We affirm.
Mr. Young filed his suit in Hillsborough County Circuit Court. He asserted that the Michigan parties, who promoted the event, and Raymond Blackburn, who refereed the contest, were negligent. He also sought relief against the Sarasota County Agricultural Fair Association, the corporation that controls events at Robards Arena, on a premises liability theory. Blackburn and the Fair Association answered the complaint and raised affirmative defenses. The Michigan defendants, however, filed motions to change venue or, in the alternative, to dismiss the action.[2]
These motions were based on a provision in a release and waiver agreement that Stacy Young signed when entering the Toughman contest. In the beginning of that document, Mrs. Young agreed to "release, waive, forever discharge and covenant not to sue" numerous persons and entities, including at least one of the Michigan parties, "of and from any and all claims, actions, causes of action" that "have or which may later accrue on account of [Mrs. Young's] participation" in the Toughman contest. The document then warned about the risks associated with the competition. The next paragraph stated:
This release and waiver of all claims and acknowledgment is intended to be as broad and inclusive as permitted by the laws of the jurisdiction where the Event takes place and that if any portion of this document is deemed invalid, that *864 the balance shall, notwithstanding, continue in full legal force and effect. If any disputes arise which are related in any way to this document, then I consent and agree that jurisdiction for such dispute shall be in Bay City, Michigan.

(Emphasis supplied.)
In their motions to change venue American and Adoreable contended that the emphasized sentence required the circuit court to dismiss Mr. Young's tort actions or to transfer venue to Michigan. The court rejected the argument, finding that enforcing this provision would contravene public policy by conveniencing the Michigan parties, who were in the stronger bargaining position, while inconveniencing the majority of witnesses and Mr. Young. We disagree with this rationale for denying the motions. See Bombardier Capital, Inc. v. Progressive Mktg. Group, Inc., 801 So.2d 131, 135 (Fla. 4th DCA 2001). We affirm, nevertheless, because the court's decision was correct, albeit for the wrong reason. See Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 643 (Fla.1999).
At the outset, the parties to this appeal disagree about our standard of review. Mr. Young contends we should examine whether the circuit court abused its discretion, whereas American and Adoreable maintain that our review is de novo. We agree that de novo review is proper. Although the abuse of discretion standard commonly applies to venue decisions made on statutory grounds, an appellate court reviews the interpretation of a contractual forum selection provision as a matter of law. See Golden Palm Hospitality Inc. v. Stearns Bank Nat'l Ass'n, 874 So.2d 1231, 1233-34 (Fla. 5th DCA 2004); see also Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 630 (Fla. 1st DCA 1999).
Parties to a contract may include a provision that establishes venue in a particular forum in the event of a contract dispute. Mgmt. Computer Controls, 743 So.2d at 630. Indeed, most cases addressing venue selection clauses involve breach of contract actions. See, e.g., Manrique v. Fabbri, 493 So.2d 437, 438 (Fla.1986); Ware Else, Inc. v. Ofstein, 856 So.2d 1079, 1080 (Fla. 5th DCA 2003); Am. Online, Inc. v. Booker, 781 So.2d 423, 424 (Fla. 3d DCA 2001). Here, however, Mr. Young's claims against American and Adoreable are grounded solely in tort. The complaint does not allege a breach of any of the various documents Mrs. Young signed in connection with the contest. Therefore, we must parse the venue provision's language to determine whether it applies to Mr. Young's lawsuit. See Mgmt. Computer Controls, 743 So.2d at 631.
As mentioned, the venue clause states that it covers "disputes that are related in any way to this document." (Emphasis supplied.) In Management Computer Controls, the parties had entered into purchase and sales agreements for computer software. Their contracts incorporated a license agreement that stated "[a]ny action, either by [the purchaser] or [the seller], arising out of this Agreement shall be initiated and prosecuted in the Court of Shelby County, Tennessee, and nowhere else[.]" Id. at 629. The First District held that the purchaser's actions for breach of contract, negligent misrepresentation, and breach of implied warranty were subject to the forum selection clause because they arose out of the parties' contracts. Id. at 632. But the court ruled that the purchaser's statutory tort claim under the Florida Deceptive and Unfair Trade Practices Act did not arise out of the contracts and was beyond the scope of the contractual venue provision. Id.; see also Contractor's Mgmt. Sys. of NH, Inc. v. Acree Air Conditioning, Inc., 799 So.2d *865 320, 321 (Fla. 2d DCA 2001) (holding that a venue selection clause which required that litigation "concerning" a software purchase agreement be initiated in New Hampshire did not apply to a cause of action under Florida's Little FTC Act).
The First District was again presented with the question of whether a contractual venue provision governed a tort claim under FDUTPA in SAI Insurance Agency Inc. v. Applied Systems Inc., 858 So.2d 401 (Fla. 1st DCA 2003). SAI's purchase agreement with Applied Systems stated that "[t]he parties consent to the sole and exclusive jurisdiction and venue of the state and federal courts of the State of Illinois for any action or claim between the parties." Id. at 402. As the First District noted, this provision was far broader than the one at issue in Management Computer Controls. It specifically contemplated that "any action," not just one "arising out of" the parties' contract, would be brought only in Illinois. Thus, the SAI court affirmed the circuit court's decision to enforce the venue provision, even as to the FDUTPA claim. Id. at 404; see also World Vacation Travel, S.A. de C.V. v. Brooker, 799 So.2d 410, 412 (Fla. 3d DCA 2001) (holding that when FDUTPA claim arises solely out of parties' time-sharing contract, mandatory venue provision in purchase agreement is enforceable).
The venue provision in the release Mrs. Young signed is akin to those in Management Computer Controls and Contractor's Management Systems. By its terms, the provision governs only disputes related to the release. Unlike the provision in SAI, it does not apply to "any action or claim." Mr. Young's action against the Michigan parties is not founded on the release or, for that matter, on any of the several other documents Mrs. Young signed before participating in the Toughman contest. Rather, it springs from Mrs. Young's involvement in the event and the defendants' alleged negligence when conducting it. In due course American and Adoreable might assert the release as a defense to Mr. Young's suit, and the circuit court perforce may be required to determine its validity. But its venue clause does not require Mr. Young to bring his wrongful death action in Michigan.
Moreover, even if this venue provision could embrace a tort action brought against American and Adoreable, our reading of it leads us to conclude that it is permissive rather than mandatory. See Granados Quinones v. Swiss Bank Corp. (Overseas), S.A., 509 So.2d 273, 275 (Fla. 1987). A mandatory venue clause requires that contemplated litigation must be brought in a particular forum. But a permissive clause simply consents to jurisdiction and venue in a named forum; it does not exclude jurisdiction or venue in another forum. Id. at 274-75.
Forum selection clauses stating that litigation "must" or "shall" be initiated in a particular forum are generally considered to be mandatory. See Shoppes Ltd. P'ship v. Conn, 829 So.2d 356, 358 (Fla. 5th DCA 2002). The provision at issue here employs the word "shall." In General Home Development Corp. v. Kwirant, 819 So.2d 255, 256-57 (Fla. 2d DCA 2002), we held contract language stating that "[v]enue in any action brought by the Purchaser or Builder shall be in East Pasco County, Florida" was a mandatory venue provision.
This case is distinguishable from Kwirant, however, because the clause here states that Mrs. Young "consent[s] and agree[s]" that jurisdiction shall be in Michigan. A consent to jurisdiction is a hallmark of a permissive venue provision. Cf. Shoppes, 829 So.2d at 358. Thus, the venue provision at issue here employs contradictory *866 terms, rendering it ambiguous. When a venue clause is susceptible to more than one interpretation, it should be construed against the drafter. Sauder v. Rayman, 800 So.2d 355, 358-59 (Fla. 4th DCA 2001); see also Granados Quinones, 509 So.2d at 274-75. For this reason, we interpret the venue clause in Mrs. Young's release to be permissive.
Beyond that, the Kwirant provision specifically required litigation brought by either the purchaser or the buyer to be in East Pasco County. But the clause in this case reflected only the consent of Stacy Young, the "I" in the provision. This unilateral consent could be read to mean that the provision would apply only to actions brought against Mrs. Young, for which purpose she was subjecting herself to jurisdiction in American and Adoreable's home forum, a place where she otherwise could not be haled into court. See Dataline Corp. v. L.D. Mullins Lumber Co., 588 So.2d 1078, 1080 (Fla. 4th DCA 1991). Again, the provision is ambiguous and is subject to two interpretations. Accordingly, we construe it against the drafters and hold that it is permissive when applied to a suit initiated by Mrs. Young or her successor in interest.
As previously noted, we disagree with the circuit court's stated reason for denying the venue motions. But, for other reasons, the court correctly refused to dismiss Mr. Young's claims or change venue.[3]See Radio Station WQBA, 731 So.2d at 643. Therefore, we affirm its decision.
Affirmed.
VILLANTI, J., Concurs.
SILBERMAN, J., Concurs specially with opinion.
SILBERMAN, Judge, Specially concurring.
I concur with the majority opinion except as to its determination that the venue provision is ambiguous and permissive rather than mandatory. The wording "I consent and agree that jurisdiction shall be in Bay City, Michigan," is, in my view, mandatory language consistent with the analyses in Granados Quinones v. Swiss Bank Corp. (Overseas), S.A., 509 So.2d 273 (Fla.1987), and Shoppes Ltd. Partnership v. Conn, 829 So.2d 356 (Fla. 5th DCA 2002). In context, the venue provision is neither contradictory nor ambiguous.
Nevertheless, because our decision does not turn on whether the venue provision is mandatory or permissive, I agree with the decision to affirm the order denying the motions to change venue.
NOTES
[1] Fla. R.App. P. 9.130(a)(3)(A).
[2] Arthur Dore separately appealed the denial of his motion. Dore v. Young, No. 2D04-3584 (Fla. 2d DCA Sept. 23, 2005).
[3] There is yet another theory that supports the circuit court's ruling. In the particular circumstances of this case, granting the Michigan defendants' motions would result in multiple lawsuits, splitting Mr. Young's causes of action and creating the possibility of inconsistent results. We have explained this reason in a companion case, Dore v. Roten, 911 So.2d 218 (Fla. 2d DCA 2005).