967 So.2d 327 (2007)
Michael H. WEISSER, Appellant,
v.
PNC BANK, N.A., Appellee.
No. 3D07-487.
District Court of Appeal of Florida, Third District.
October 3, 2007.
*328 Coffey Burlington and Daniel F. Blonsky, Miami, for appellant.
Shutts & Bowen and Don A. Lynn, and Stephen T. Maher, Miami, for appellee.
Before GERSTEN, C.J., and SHEPHERD and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The plaintiff, Michael H. Weisser ("Weisser" or "Applicant"), appeals an order granting the defendant's, PNC Bank, N.A. ("PNC Bank" or "Lender"), motion to dismiss for improper venue. We affirm.
On March 30, 2004, Weisser executed a PNC Bank "Loan Application" ("Application"), dated March 18, 2004, seeking a $22 million loan. The Application contains the following forum selection clause:
30. Choice of Law; Jurisdiction; Business Day. The Application and any Commitment issued by Lender will be *329 governed by the local laws of the State of Kansas applied without regard to any conflict of law provisions. The parties further consent to the exclusive jurisdiction of either the United States District Court for the District of Kansas or the District Court of Johnson County, Kansas, for the judicial resolution of any disputes arising under, or in anyway related to, the Application and Commitment. . . .
(emphasis added).
After executing the Application, Weisser executed an "Interest Rate Lock Agreement" ("Rate Agreement"), which provides, in part, as follows:
5. Compliance with Commitment. Applicant acknowledges that nothing in this Agreement shall modify the terms of the Commitment, affect Applicant's obligation to close the Loan in accordance with the Commitment or otherwise relieve Applicant from its duties and obligations under the Commitment. . . .
6. Applicable Law; Business Day. This Agreement will be governed by the local laws of the State of Missouri applied without regard to any conflict of law provisions. The parties further consent to the exclusive jurisdiction of either the United States District Court for the Western District of Missouri or the Circuit Court of Jackson County, Missouri, for the judicial resolution of any disputes arising under, or in anyway related to, this Agreement. . . .
(emphasis added). Moreover, the Rate Agreement defines "Commitment" as follows:
Collectively the Application and a Rider to the Application (the "Rider") issued by Lender and accepted by Applicant pursuant to which Lender agrees to make the Loan to Applicant on the terms and subject to conditions set forth in the Application and Rider. All references herein to the Commitment shall be applicable only to the extent the Application and Rider have both been issued and accepted by Lender and Applicant.
Thereafter, on August 20, 2004, PNC Bank executed a "Rider to Loan Application," which provides, in part, as follows:
We are pleased to confirm by this Rider to Loan Application (the "Rider") that PNC Bank, a National Association ("Lender") has approved the Application dated March 18, 2004 . . ., subject to the conditions of the Application and this Rider. The Application and this Rider, and any future amendments thereto, are collectively referred to as the "Commitment".
The loan was never funded. Thereafter, Weisser filed suit against PNC Bank, seeking the return of certain deposits required pursuant to the Application and Rate Agreement, contending that the deposits were refundable.
PNC Bank filed a "Motion to Dismiss for Improper Venue or Alternatively for Forum Non Conveniens," asserting, in part, that pursuant to paragraph 30 of the Application, Weisser "expressly consented to the exclusive jurisdiction of either the U.S. District Court for the District of Kansas or the District Court of Johnson County, Kansas, for the judicial resolution of any disputes arising under, or in anyway related to, the Application and Commitment." The trial court granted the motion to dismiss for improper venue, but denied the motion to dismiss for forum non conveniens. Weisser appeals the granting of PNC Bank's motion to dismiss for improper venue.
The determination of whether the trial court erred by granting PNC Bank's motion to dismiss for improper venue depends *330 on whether the forum selection clauses in the Application and Rate Agreement are permissive or mandatory, and whether an ambiguity or conflict exists between the two clauses.
The trial court entered an order granting PNC Bank's motion to dismiss for improper venue based on its interpretation of the forum selection clauses and other contractual language in the Application and Rate Agreement. Consequently, this court's standard of review is de novo. See DVDPlay, Inc. v. DVD 123 LLC, 930 So.2d 816, 818 (Fla. 3d DCA 2006) (holding that, as the trial court's order denying the defendant's motion to dismiss was based on the interpretation of a forum selection clause, the district court's standard of review was de novo); Regal Kitchens, Inc. v. O'Connor & Taylor Condo. Constr., Inc., 894 So.2d 288, 290 (Fla. 3d DCA 2005) ("The trial court's interpretation of the contractual venue provision presents a question of law. For this reason, our standard of review is de novo.").
We begin our analysis with recognition that in Florida, contracting parties are permitted to agree that any litigation stemming from their contract must be heard in a specific forum. See Dataline Corp. v. L.D. Mullins Lumber Co., 588 So.2d 1078, 1079 (Fla. 4th DCA 1991). There is, however, a distinction between permissive and mandatory forum selection clauses. "Permissive [forum selection] clauses constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction or venue in any other forum." Quinones v. Swiss Bank Corp. (Overseas), S.A., 509 So.2d 273, 274-75 (Fla.1987). In contrast, mandatory forum selection clauses provide "for a mandatory and exclusive place for future litigation." Id. at 274; see also Shoppes Ltd. P'ship v. Conn, 829 So.2d 356, 357-58 (Fla. 5th DCA 2002) ("Florida courts recognize a distinction between mandatory jurisdiction clauses in contracts which require that a particular forum be the exclusive jurisdiction for litigation concerning the contract, and permissive jurisdiction clauses which only provide that there may be jurisdiction over such litigation in a particular forum.").
In determining whether a forum selection clause is mandatory or permissive, the language of the clause must be examined. For example, in Quinones, the Florida Supreme Court found that the forum selection clause was permissive, not mandatory, because it provided that the creditor "may" institute legal proceedings in specified courts, not that it "shall" do so. Quinones, 509 So.2d at 275 (emphasis added); see also Regal Kitchens, 894 So.2d at 290 (holding that a forum selection clause is permissive where it provides that "[a]ny litigation concerning this contract shall be governed by the law of the State of Florida, with proper venue in Palm Beach County") (emphasis added); Cardoso v. FPB Bank, 879 So.2d 1247, 1249 (Fla. 3d DCA 2004) (holding that forum selection clause, which provides that "[a]ny legal action or proceeding against Borrower and/or Guarantor with respect to this Agreement, the Note, the Loan and the Guarantee hereunder may be brought in" specified venues, is permissive) (emphasis added). "Conversely forum selection clauses which state or clearly indicate that any litigation must or shall be initiated in a specified forum are mandatory." Shoppes Ltd., 829 So.2d at 358 (emphasis added) (citing Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627 (Fla. 1st DCA 1999)).
Weisser conceded at oral argument that the forum selection clause contained in the Application is mandatory, requiring all disputes to be litigated in Kansas. He, however, argues that, because the forum selection *331 clause contained in the subsequently executed Rate Agreement contains a mandatory forum selection clause requiring disputes under that agreement to be litigated in Missouri, there is an ambiguity or conflict between the two forum selection clauses, and therefore, the forum selection clauses must be treated as permissive. Thus, Weisser argues that he was free to litigate his claims against PNC Bank in Miami, as he resides in Miami-Dade County and PNC Bank conducts business in Miami-Dade County. In support of this argument, Weisser primarily relies on American Boxing Athletic Ass'n v. Young, 911 So.2d 862 (Fla. 2d DCA 2005).
In American Boxing, Stacy Young died while competing in a contest. Prior to competing in the contest, Young executed a release and waiver agreement, containing the following forum selection clause: "If any disputes arise which are related in any way to this document, then I consent and agree that jurisdiction for such dispute shall be in Bay City, Michigan." The Second District found that the forum selection clause was ambiguous because it employed both permissive language, "consent," and mandatory language, "shall," and therefore, the forum selection clause must be construed against the drafter. Id. at 865. Specifically, after acknowledging that forum selection clauses which provide that litigation "shall" or "must" be initiated in a specific forum are "generally considered to be mandatory," the Second District held that "[a] consent to jurisdiction is a hallmark of a permissive venue provision. Id. Thus, the venue provision at issue here employs contradictory terms, rendering it ambiguous. When a venue clause is susceptible to more than one interpretation, it should be construed against the drafter." Id. at 865-66 (citations omitted).
We do not agree with the Second District's position in American Boxing that because the forum selection clause contains the words "consent" and "shall" this creates an ambiguity. Although the forum selection clause contains the words "consent" and "shall," when read together, it clearly reflects that Young agreed to initiate any litigation arising out of the release and waiver agreement in Bay City, Michigan. This language is unambiguous and it is mandatory, not permissive, as it contains words of exclusivity. See Shoppes Ltd., 829 So.2d at 358 (holding that "the general rule is that [a forum selection] clause will be considered permissive where it lacks words of exclusivity") (emphasis added).
In Quinones, the Florida Supreme Court specifically held that mandatory forum selection clauses provide "for a mandatory and exclusive place for future litigation." Quinones, 509 So.2d at 274. In the instant case, the mere use of the word "consent" does not render the forum selection clause in the Application permissive where the forum selection clause includes words of exclusivity specifying the exclusive jurisdiction of specified courts in Kansas for the "judicial resolution of any disputes arising under, or in anyway related to, the Application and Commitment."
We, therefore, find that the forum selection clause in the Application is unambiguous and contains words of exclusivity, and that the clause is mandatory, not permissive. See Golf Scoring Sys. Unlimited, Inc. v. Remedio, 877 So.2d 827, 829 (Fla. 4th DCA 2004) (holding that forum selection clause, which provides that "[t]he parties hereto consent to Broward County, Florida, as the proper venue for all actions that may be brought pursuant hereto," was mandatory because the use of the word "the" refers to only one "proper venue," to the exclusion of other venues) (emphasis added); see also Regal Kitchens, 894 So.2d at 291 (holding that where a forum selection clause lacks mandatory language or words of exclusivity to show *332 that venue is proper in only the specified forum, the clause is permissive, not mandatory).
Likewise, in the instant case, the forum selection clause in the Application contains words of exclusivity, and Weisser agrees that while the Application provides that "[t]he parties further consent to the exclusive jurisdiction" in specified courts in Kansas "for the judicial resolution of any disputes arising under, or in anyway related to, the Application and Commitment," the forum selection clause in the Application is mandatory. (emphasis added).
Although Weisser does not agree with the Second District's conclusion that the forum selection clause in American Boxing is ambiguous, he relies on the Second District's additional finding that when a forum selection clause is ambiguous, it must be construed as permissive. As we have already stated, we disagree with the Second District's premise that the language of the forum selection clause creates an ambiguity. Additionally, we conclude that American Boxing is not applicable to the instant case where the forum selection clause in the Application is unambiguous and the Rate Agreement contains a provision which precludes the modification of the provisions in the Application. Paragraph 5 of the Rate Agreement specifically provides, in part, that the "Applicant acknowledges that nothing in this [Rate] Agreement shall modify the terms of the Commitment."
Weisser argues that although the Application contains an unambiguous mandatory forum selection clause, because the Rate Agreement also contains an unambiguous mandatory forum selection clause and the two forum selection clauses conflict, we must conclude that this conflict creates an ambiguity which requires a finding that the forum selection clauses are permissive. We disagree.
Although the Application provides that the parties "consent to the exclusive jurisdiction" of specific courts in Kansas to resolve disputes, and the Rate Agreement, which was executed approximately six months after the Application, provides that the parties "consent to the exclusive jurisdiction" of specific courts in Missouri to resolve disputes regarding the Rate Agreement, paragraph 5 of the Rate Agreement, which provides that the "Applicant acknowledges that nothing in this [Rate] Agreement shall modify the terms of the Commitment,"[1] eliminates any potential conflict between the two forum selection clauses. Because the forum selection clause in the Application cannot be modified by any provision contained in the Rate Agreement, the forum selection clause contained in the Rate Agreement has no effect, is unenforceable, and does not render the forum selection clause in the Application or any Riders to the Application,[2] permissive. We, therefore, find that the trial court properly granted PNC Bank's motion to dismiss for improper venue.
Affirmed.
NOTES
[1] The term "Commitment" is defined as the Application and any Rider to the Application.
[2] Citing to an internet dictionary, Weisser argues that the term "modify" means "to make minor changes in," and therefore, the term only applies to minor modifications, and that modifying the forum selection clause is not a minor modification. We find this argument unpersuasive. Blacks Law Dictionary defines "modify" as follows: "To alter; to change in incidental or subordinate features; enlarge, extend; amend; limit, reduce. Such alteration or change may be characterized, in quantitative sense, as either an increase or decrease." Black's Law Dictionary 905 (5th ed.1979).