KHOUZAM, Judge.
 

 TECO Barge Line, Inc., and U.S. United Barge Line, LLC, appeal a nonfinal order denying their motion to dismiss Jarrod M. Hagan’s complaint for improper venue.
 
 [1]
 
 Because a mandatory forum selection provision requires Mr. Hagan to bring this lawsuit in specified forums outside of Florida, we reverse.
 

 United Barge is a Florida limited liability company that operates barges on the Ohio and Mississippi Rivers from its managing office in Metropolis, Illinois. United Barge is a successor in interest to TECO Barge. Mr. Hagan, a Kentucky resident working for TECO Barge in Louisiana, was allegedly injured when a ratchet failed in February 2007, causing him to fall.
 

 As a result of his injuries, Mr. Hagan filed a complaint against TECO Barge and United Barge in Hillsborough County, Florida. The barge lines filed a motion to dismiss in which they asserted alternative bases for dismissal: (1) a forum selection clause in a post-injury agreement signed by Mr. Hagan and (2) forum non conve-niens.
 
 [2]
 
 The trial court conducted a hearing and thereafter denied the motion to dismiss. The trial court did not make any findings at the hearing, and its written order simply denies the motion to dismiss without further explanation.
 

 Critically, on March 9, 2007, after his injury and in consideration for benefits under a wage continuation plan, Mr. Ha-gan signed an agreement with TECO Barge titled “Vessel Wage Continuation Plan.” The agreement contains a forum selection clause that states:
 

 I also agree that all suits involving the Vessel Wage Continuation Plan or any work related injury or occupational illness shall be brought in the courts nearest TECO Barge Line, those being the United States Federal Sixth Circuit Western Kentucky located in Paducah, Kentucky or the Circuit Court of the First Judicial Circuit of Massac County in the State of Illinois to the exclusion of any other courts or jurisdictions.
 

 With limited exceptions that have not been raised by the parties in this case, forum selection clauses are presumptively valid and “ ‘should be enforced in the absence of a showing that enforcement would be unreasonable or unjust.’ ”
 
 Bombardier Capital, Inc. v. Progressive Mktg. Group, Inc.,
 
 801 So.2d 131, 134 (Fla. 4th DCA 2001) (quoting
 
 Manrique v. Fabbri,
 
 493 So.2d 437, 440 (Fla.1986)). Here, as in
 
 *865
 

 Bombardier,
 
 the trial court did not find, nor was it shown, that enforcement would be unreasonable or unjust. Indeed, all of the parties to this appeal agree that the forum selection clause must be enforced. However, they dispute its meaning.
 

 TECO Barge and United Barge maintain that the venue selection clause is unambiguous and that it requires suit in either the federal court in Paducah, Kentucky, or the state circuit court in Massac County, Illinois. Conversely, Mr. Hagan asserts that the language of the clause is ambiguous because on the one hand it compels him to bring suit “in the courts nearest TECO Barge Line,” while on the other hand it defines those courts as either the federal court in Paducah, Kentucky, or the state court in Massac County, Illinois. Mr. Hagan contends that TECO Barge’s registration statement address is in Tampa, Florida, and thus a contradiction exists between the court “nearest TECO Barge Line” and the qualifying language identifying the courts in Kentucky and Illinois. Mr. Hagan argues that the forum selection clause is mandatory,
 
 [3]
 
 that any ambiguity must be construed against the barge lines and in his favor, and that the courts nearest TECO Barge that are located in Tampa are the state circuit court for Hillsbor-ough County and the federal district court for the Middle District of Florida.
 

 The interpretation of a contractual forum selection provision is a question of law subject to de novo review.
 
 Am. Boxing & Athletic Ass’n, Inc. v. Young,
 
 911 So.2d 862 (Fla. 2d DCA 2005). In conducting our de novo review, we begin with the principles that “[t]he polestar guiding the court in the construction of a written contract is the intent of the parties,” and where “the language used is clear and unambiguous the parties’ intent must be garnered from that language, and not from extrinsic evidence.”
 
 Bombardier,
 
 801 So.2d at 134 (internal citations omitted).
 

 On its face, the forum selection clause does not suffer from the ambiguity argued by Mr. Hagan. While the phrase at issue states that Mr. Hagan’s claims “shall be brought in the courts nearest TECO Barge Line,” it is immediately followed by qualifying language that expressly identifies the forums outside of Florida in which Mr. Hagan’s claims are to be filed. And, the qualifying language provides that Mr. Hagan’s claims shall be filed in those courts “to the exclusion of any other courts or jurisdictions.” The forum selection clause requires Mr. Hagan to bring this lawsuit in one of two forums, neither of
 
 *866
 
 which is located in Florida.
 
 [4]
 

 Reversed.
 

 NORTHCUTT and LaROSE, JJ„ Concur.
 

 [1]
 

 . Fla. R.App. P.9.130(a)(3)(A).
 

 [2]
 

 . Because we find that the forum selection clause is a mandator)' clause that requires Mr. Hagan to bring this action in either of two particular forums outside of Florida, we do not reach any issues pertaining to forum non conveniens.
 

 [3]
 

 . "A mandatory venue clause requires that contemplated litigation must be brought in a particular forum.”
 
 Am. Boxing & Athletic Ass’n, Inc. v. Young,
 
 911 So.2d 862, 865 (Fla. 2d DCA 2005) (finding that decedent merely consented to jurisdiction in Michigan by signing clause that began "I consent and agree” notwithstanding use of ‘'shall” in same clause because the inconsistent language merely created ambiguity that had to be resolved against the drafter of clause),
 
 disagreed with by Weisser v. PNC Bank, N.A.,
 
 967 So.2d 327, 331 (Fla. 3d DCA 2007) (“We do not agree with the Second District's position in
 
 American Boxing
 
 that because the forum selection clause contains the words 'consent' and 'shall' this creates an ambiguity.”).
 

 Although the forum selection clause at issue in this case began with "I agree,” it did not also include the word "consent” as did the clause in
 
 American Boxing.
 
 More importantly, here the clause included additional language providing that suit "shall'' be filed in the specified courts “to the exclusion of any other courts or jurisdictions.” Unlike the clause in
 
 American Boxing,
 
 here the forum selection clause is an agreement to seek redress in either one of two specified courts to the exclusion of any other courts and it cannot be read merely as Mr. Hagan's consent to
 
 *866
 
 submit himself to the jurisdiction of other courts.
 

 [4]
 

 . We note that the forum selection clause appears to contain a typographical error. The parties acknowledge that Mr. Hagan's lawsuit cannot be filed in the "United States Federal Sixth Circuit Western Kentucky located in Paducah, Kentucky.” The United States Court of Appeals for the Sixth Circuit is an appellate court located in Cincinnati, Ohio. There is only one federal court located in Paducah, Kentucky, and it is the United States District Court for Western Kentucky, a federal trial court.