COHEN, J.
Appellant, American K-9 Detection Services, Inc. (“American K-9”), appeals from the trial court’s non-final order denying its motion to dismiss for improper venue, arguing the trial court erred in interpreting a provision in the parties’ contract as a forum selection clause. We affirm.
Appellee, Richard Cicero, was employed by American K-9 as a handler of dogs that detect explosives. While on patrol in Afghanistan, Mr. Cicero sustained serious injuries after stepping on an improvised explosive device, which his assigned dog failed to locate. As a result of the incident, Mr. Cicero and his wife, Breila Cicero, filed a complaint against American K-9 for breach of contract, negligence, negligent misrepresentation, and loss of consor *238 tium. They brought the suit in Orange County, Florida.
To support their choice of venue, the Ciceros noted that Mr. Cicero and American K-9 had entered into an employment contract wherein they consented to personal jurisdiction in Central Florida. Specifically, the contract provides:
7. Governing Law and Jurisdiction. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to conflict of law principles. Subject to Article IV, the federal and state courts within the State of Florida, United States of America shall have exclusive jurisdiction to adjudicate any dispute arising out of this Agreement. The Parties hereby expressly consent to: (a) the personal jurisdiction of the federal and state courts within Central Florida and (b) service of process upon either Party by registered mail sent to the address set forth at the beginning of this Agreement.
The Ciceros argued that the language providing, “[t]he Parties hereby expressly consent to: (a) the personal jurisdiction of the federal and state courts within Central Florida,” constitutes a permissive forum selection clause.[1]
American K-9 responded by filing a motion to dismiss for improper venue. In its motion, American K-9 argued the language at issue constitutes a consent-to-jurisdiction clause rather than a forum selection clause, emphasizing the provision does not use the words “forum” or “venue.” American K-9 maintained that, under Florida’s venue statutes, venue was proper only in Seminole County, Florida.[2]
After a hearing, the trial court denied American K-9’s motion, finding the provision at issue a forum selection clause whereby the parties consented to venue in any court in Central Florida. Because the order denying American K-9’s motion to dismiss was based on the trial court’s interpretation of a contractual provision, this Court’s standard of review is de novo. Weisser v. PNC Bank, N.A., 967 So.2d 327, 330 (Fla. 3d DCA 2007).
It is well-established that parties to a contract may stipulate to a particular forum in which to resolve future disputes, and such forum selection clauses are presumptively valid. Golden Palm Hospitality, Inc. v. Stearns Bank Nat’l Ass’n, 874 So.2d 1231, 1234-35 (Fla. 5th DCA 2004). The trial court must enforce forum selection clauses that are unambiguous. See Ware Else, Inc. v. Ofstein, 856 So.2d 1079, 1081 (Fla. 5th DCA 2003). In interpreting a contract, courts must not read a single term or group of words in isolation. Delissio v. Delissio, 821 So.2d 350, 353 (Fla. 1st DCA 2002). Rather, “the goal is to arrive at a reasonable interpretation of the text *239 of the entire agreement to accomplish its stated meaning and purpose.” Id. To the extent any ambiguity exists, it will be strictly construed against the drafter. See Goodwin v. Blu Murray Ins. Agency, Inc., 939 So.2d 1098, 1102 (Fla. 5th DCA 2006).
As noted by American K-9, the terms “venue” and “jurisdiction” are not synonymous. See Taurus Stornoway Invs., LLC v. Kerley, 38 So.3d 840, 842 (Fla. 1st DCA 2010) (providing that “venue concerns the privilege of being accountable to a particular court in a particular location, whereas jurisdiction is the power to act, the authority to adjudicate the subject matter.” (quotation omitted)). Significantly, however, it has also been established that “consent to jurisdiction is a hallmark of a permissive venue provision.” Am. Boxing & Athletic Ass’n v. Young, 911 So.2d 862, 865 (Fla. 2d DCA 2005). In fact, there have been many instances in which Florida courts have interpreted provisions that omit the words “forum” or “venue” and refer only to “jurisdiction” in a particular location to be forum selection clauses. See, e.g., Young, 911 So.2d at 864 (interpreting, as permissive forum selection clause, provision that stated, “If any disputes arise which are related in any way to this document, then I consent and agree that jurisdiction for such dispute shall be in Bay City, Michigan.”); Golden Palm, 874 So.2d at 1236 (enforcing, as permissive forum selection clause, provision which read, “If there is a lawsuit, Borrower agrees upon Lender’s request to submit to the jurisdiction of the courts of STEARNS County, State of Minnesota.”). The clause in the instant case, whereby the parties “expressly consent to ... the personal jurisdiction of the federal and state courts within Central Florida,” utilizes language analogous to the clauses in Young and Golden Palm.
Accordingly, we find the provision here is a permissive forum selection clause under which venue is proper in Orange County. To the extent the provision is susceptible to two interpretations — one in which it is merely a consent-to-jurisdiction clause, and another in which it is a forum selection clause — any ambiguities must be construed against the drafter, American K-9. We therefore affirm the trial court’s denial of American K-9’s motion to dismiss.
AFFIRMED.
SAWAYA and LAWSON, JJ., concur.

. A permissive forum selection clause constitutes a consent to jurisdiction and venue in a named forum, but does not exclude jurisdiction or venue in any other forum. See Celistics, LLC v. Gonzalez, 22 So.3d 824, 825 (Fla. 3d DCA 2009). In contrast, a mandatory forum selection clause requires the litigation be brought in a particular forum. Id.

. American K-9 argues venue is not proper in Orange County because American K-9 is a corporation which has its office in Seminole County, Florida; the cause of action accrued in Afghanistan; and there is no property involved in the litigation. See § 47.011, Fla. Stat. (2010) ("Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located."); § 47.051, Fla. Stat. (2010) ("Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.”).