# Third District Court of Appeal

**State of Florida**


Opinion filed January 20, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-754
Lower Tribunal No. 13-19277
_____


**Eda A. Perez-Rios,**
Appellant,

vs.

**The Graham Companies,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Lindsey M. Tenberg (Lighthouse Point), for appellant.

The Chartwell Law Offices, LLP, and Mitchell L. Lundeen, for appellee.


Before LAGOA, SALTER and LOGUE, JJ.

LOGUE, J.

In this slip-and-fall case, Eda A. Perez-Rios, the plaintiff below, appeals a final summary judgment entered in favor of The Graham Companies. At her deposition, Ms. Perez-Rios indicated that, on the morning of a clear day, she tripped on a four-inch high step leading from the pavement to a building owned by The Graham Companies. The step was plainly visible. The pavement above and below the step was constructed of red brick. In contrast, the step was constructed of white stone. Photographs of the area where she fell, which she authenticated, indicated no particular defect. There was no evidence of a foreign object on the step, uneven wear and tear, inadequate lighting, or wet or slippery conditions. When directly asked, Ms. Perez-Rios could not identify any defects in the step. No contradictory evidence, such as an expert's report, was submitted into the record which might have created a disputed issue of fact regarding any defect in the step which could be resolved only by a jury or judge sitting as a fact-finder.

Under these circumstances, the trial court properly entered summary judgment against Ms. Perez-Rios. "Summary judgment is designed to test the sufficiency of the evidence to determine if there is sufficient evidence at issue to justify a trial or formal hearing on the issues raised in the pleadings." Fla. Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006). "A party should not be put to the expense of going through a trial, where the only possible result will be a directed verdict." Martin Petroleum Corp. v. Amerada Hess Corp., 769 So. 2d 1105, 1108

(Fla. 4th DCA 2000). <u>See also</u> <u>Aventura Mall Venture v. Olson</u>, 561 So. 2d 319, 320 (Fla. 3d DCA 1990) ("An owner is entitled to assume that the invitee will perceive that which would be obvious to him [or her] upon the ordinary use of his own sense[s], and is not required to give the invitee notice or warning of an obvious danger.") (citation omitted); <u>Circle K Convenience Stores, Inc. v. Ferguson</u>, 556 So. 2d 1207, 1208 (Fla. 5th DCA 1990) ("Some conditions are simply so open and obvious, so common and so ordinarily innocuous, that they can be held as a matter of law to not constitute a hidden dangerous condition.").

     Affirmed.