# Third District Court of Appeal

## State of Florida

Opinion filed November 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D15-2590 & 3D17-1478
Lower Tribunal No. 13-30482

_____

**Perez-Gurri Corporation, etc.,**
Appellant,

vs.

**Don McLeod, et al.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, Bronwyn C. Miller, Judge.

GPG Law, and Christopher J. Perez-Gurri (Fort Lauderdale); Samson Appellate Law, and Daniel M. Samson, for appellant.

Quintairos, Prieto, Wood & Boyer, P.A., and Thomas A. Valdez and Karen M. Shimonsky (Tampa), for appellee M2G2 Architects, LLC.

Before LOGUE, SCALES, and LUCK, JJ.

LOGUE, J.

Perez-Gurri Corporation (the General Contractor) appeals a trial court order dismissing its professional malpractice action and entering summary judgment in favor of M2G2 Architects, LLC. Because an issue of material fact remains as to whether M2G2 Architects provided services for a construction project the General Contractor undertook with the City of Miami, and because the General Contractor's claim against M2G2 Architects was not contractually barred, we reverse.

The General Contractor is a Florida construction company that successfully bid on, and became the general contractor for, a City of Miami renovation project for the Caribbean Marketplace in Little Haiti. The City's prime consultant on the project subcontracted with Don McLeod and McLeod Architectural Group to prepare design documents for the renovation. In May 2013, Don McLeod established a new firm, M2G2 Architects, LLC. When construction on the renovation project was delayed, the General Contractor brought an action against multiple architects, engineers, and consultants, including M2G2 Architects.

The General Contractor alleged in its fourth amended complaint that M2G2 Architects committed professional malpractice that delayed the construction. M2G2 Architects moved for summary judgment on the basis that it played no role in the project. It also argued that the General Contractor's claim against it was

contractually barred by a "No Damages for Delay" clause in the contract between the General Contractor and the City of Miami.

The trial court granted M2G2 Architects' motion for summary judgment. It found that "the record evidence conclusively establishes that no services were rendered by M2G2 in conjunction with the project." And it further concluded that even if M2G2 Architects played a role in the project, its principal, Don McLeod, was the architect of record and a representative of the City, and the no delay damages clause precluded any claim for delay damages against the City and its representatives. This appeal followed.

We reverse the trial court's entry of summary judgment entered in favor of M2G2 Architects for two reasons. First, an issue of material fact remains as to whether M2G2 Architects was involved in the renovation project. And second, the contract between the General Contractor and the City does not insulate M2G2 Architects from liability.

Summary judgment "is designed to test the sufficiency of the evidence to determine if there is sufficient evidence at issue to justify a trial or formal hearing on the issues raised in the pleadings." The Fla. Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006). "A party should not be put to the expense of going through a trial, where the only possible result will be a directed verdict." Perez-Rios v. Graham Companies, 183 So. 3d 478, 479 (Fla. 3d DCA 2016) (quoting Martin

3

Petroleum Corp. v. Amerada Hess Corp., 769 So. 2d 1105, 1108 (Fla. 4th DCA 2000)). Because summary judgment tests the sufficiency of the evidence to justify a trial, it "is proper only if, taking the evidence and inferences in the light most favorable to the non-moving party, and assuming the jury would resolve all such factual disputes and inferences favorably to the non-moving party, the non-moving party still could not prevail at trial as a matter of law." Moradiellos v. Gerelco Traffic Controls, Inc., 176 So. 3d 329, 334-35 (Fla. 3d DCA 2015). "At both the trial and appellate level, all evidence and inferences from the evidence must be taken in the light most favorable to the non-moving party." Id. at 334. This court reviews de novo a trial court's ruling on a motion for summary judgment. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).

Here there remains a genuine issue of material fact as to whether M2G2 Architects rendered services on the renovation project. While there may be evidence that M2G2 Architects did not provide services on the project, there is also ample record evidence that it did. Among this evidence is a January 23, 2014 email from Don McLeod, advising that his company McLeod Architectural Group was no longer in business, and stating, "[a]ll services provided related to the Caribbean Marketplace since mid-summer have been through M2G2 Architects LLC." M2G2 Architects also demanded payment for services rendered on the project from July 15, 2013, through December 30, 2013. And a January 29, 2014

4

email from another principal of M2G2 Architects to the City demanded payment and stated that M2G2 Architects had been providing services on the project since July 2013. Further, M2G2 Architects' website indicated that it was "honored to have played a role in ensuring that this iconic community venue [the Caribbean Marketplace] is functioning again." A jury or factfinder could reasonably infer from these statements by M2G2 Architects or its principals that services to the project were provided by M2G2 Architects.

M2G2 Architects, however, contends the deposition testimony of its principals—who provided an explanation for those communications—is so persuasive as to conclusively establish that M2G2 Architects was not involved in the project at issue. But a motion for summary judgment is not a trial by affidavit or deposition. Summary judgment is not intended to weigh and resolve genuine issues of material fact, but only identify whether such issues exist. If there is disputed evidence on a material issue of fact, summary judgment must be denied and the issue submitted to the trier of fact. Here, the documentary evidence, viewed in the light most favorable to the General Contractor, indicates at a minimum that there remains a disputed issue of material fact as to whether M2G2 Architects rendered services on the project.

Turning to the question of whether the no delay damages provision bars the General Contractor's claim against M2G2 Architects, we review the trial court's

interpretation of the contract de novo. Charbonier Food Servs., LLC v. 121 Alhambra Tower, LLC, 206 So. 3d 755, 758 (Fla. 3d DCA 2016). "When interpreting a contract, the court must first examine the plain language of the contract for evidence of the parties' intent." Murley v. Wiedamann, 25 So. 3d 27, 29 (Fla. 2d DCA 2009). A single term or group of words must not be read in isolation. American K-9 Detection Servs., Inc. v. Cicero, 100 So. 3d 236, 238-39 (Fla. 5th DCA 2012). "Rather, 'the goal is to arrive at a reasonable interpretation of the text of the entire agreement to accomplish its stated meaning and purpose.'" Id. (quoting Ware Else, Inc. v. Ofstein, 856 So. 2d 1079, 1081 (Fla. 5th DCA 2005)). "[W]e are constrained by law to construe a contract as a whole so as to give effect, as here, to all provisions of the agreement if it can be reasonably done." McArthur v. A.A. Green & Co. of Fla., 637 So. 2d 311, 312 (Fla. 3d DCA 1994).

We agree with the trial court that the contract between the City and the General Contractor expressly provides that the General Contractor waived its right to seek delay damages. But the question is whether the parties contracted to have this waiver extend only to the City or to other parties such as M2G2 Architects. We conclude that the contract, read in its entirety, waives delay damages only against the City and not against other parties like M2G2 Architects.

The clause at issue reads:

71. <u>Contractor – No Damages for Delay</u>
No claim for damages or any claim, other than for an extension of time, shall be made or asserted <u>against City</u> by reason of any delays except as provided herein. Contractor shall not be entitled to an increase in the Contract price or payment or <u>compensation of any kind from City</u> for direct, indirect, consequential, impact or other costs, expenses or damages, including but not limited to costs of acceleration or inefficiency, arising because of delay, disruption, interference or hindrance from any cause whatsoever, whether such delay, disruption, interference or hindrance be reasonable or unreasonable, foreseeable or unforeseeable, or avoidable or unavoidable; provided however, that this provision shall not preclude recovery of damages by Contractor for actual delays due solely to fraud, bad faith or active interference on the part of City or its Consultant. Otherwise, Contractor shall be entitled only to extensions of the Contract Time for completion of the Work as the sole and exclusive remedy for such resulting delay, in accordance with and to the extent specifically provided above.

Except as may be otherwise specifically provided for in the Contract Documents, <u>the Contractor agrees to make no claim for damages for delay of any kind in the performance of the Contract Documents whether occasioned by any act or omission of the City or any of its representatives</u> (whether it is an Excusable Delay or otherwise) and the Contractor agrees that any such claim shall be completed solely by an extension of time to complete performance of the Work. In this regard, the Contractor alone hereby specifically assumes the risk of such delays, including without limitation: delays in processing or approving shop drawings, samples or other submittals or the failure to render determinations, approvals, replies, inspections or tests of the Work, in a timely manner. <u>Contractor shall not receive monetary compensation for the City delay</u>. Time extensions may be authorized by the City in certain situations.

> Contractor agrees to this section by submitting a bid response and shall have no recourse from this Section.

(Emphasis added.)

The first paragraph of the "No Damages for Delay" clause contains two separate sentences that expressly state that the City is protected from the General Contractor's claims arising from delay damages: "[n]o claim . . . shall be made or asserted <u>against City</u> by reason of any delays except as provided herein" and "[c]ontractor shall not be entitled to an increase in the Contract price or payment or <u>compensation of any kind from City</u> . . . arising because of delay." While these sentences expressly state the City is protected, we could find no sentences that expressly extend the protections of the no delay damages clause to other entities. M2G2 Architects' interpretation of the contract provides no persuasive explanation of why the contract includes these two sentences that refer to the City, but no one else, as being protected by the no delay damages provision.

Instead, M2G2 Architects contends that a sentence in the second paragraph overrides these sentences by providing that the delay damages clause protects the City and its "representatives": "the Contractor agrees to make no claim for damages for delay of any kind in the performance of the Contract Documents whether occasioned by any act or omission of the City or any of its representatives." But this sentence does no more than define the extent of the waiver: the delay damages clause applies to delays whether caused by the City or

8

its representatives.  The sentence does not state who the beneficiary of the waiver is.

Standing alone, the sentence may well support an inference, which M2G2 Architects ask us to draw, that inclusion in the waiver of delays caused by the City's representatives means the General Contractor forgoes delay damages against both the City and its representatives. But an equally plausible inference can be drawn that the General Contractor forgoes delay damages against the City whether caused by the City or its representatives for whose actions the City might be liable. And this later inference is the only one that can be reconciled with the two sentences from the first paragraph quoted above that expressly name only the City as the beneficiary of the no delay damages provision.

Moreover, the "Third Party Beneficiaries" clause in the contract between the General Contractor and the City expressly states that no third party may benefit from the contract. It reads:

> 97.  Third Party Beneficiaries
> Neither Contractor nor City intends to directly or substantially benefit a third party by this Contract. Therefore, the parties agree that there are no third party beneficiaries to this Contract and that no third party shall be entitled to assert a claim against either of them based upon this Contract.  The parties expressly acknowledge that it is not their intent to create any rights or obligations in any third person or entity under this Contract.

If M2G2 Architects were intended to be protected by the no delay damages provision, one would expect some reference to that idea in this provision which otherwise precludes any third party beneficiaries to the contract. The absence of any such language undermines M2G2 Architects' proposed interpretation.

In short, the contract between the General Contractor and the City contains express language naming the City as the beneficiary of the delay damages clause. No express language extends those protections to any other party like M2G2 Architects. Reading the contract in its entirety as we must, and maintaining the meaning of every provision to the extent we can, we conclude that the protections established by the delay damages clause extends only to the City.

We reverse the summary judgment entered in favor of M2G2 Architects because an issue of material fact remains as to whether it was involved in the Caribbean Marketplace renovation project, and because the trial court erred by extending the delay damages clause of the General Contractor-City contract to a third party. Accordingly, we also reverse the trial court's final judgment awarding attorney's fees from the General Contractor to M2G2 Architects.

Reversed and remanded.