# Third District Court of Appeal

## State of Florida

Opinion filed January 2, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1859
Lower Tribunal No. 07-99-M
_____


**Rodney E. Shands, et al.,**
Appellants,

vs.

**City of Marathon, etc., et al.,**
Appellees.


An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Andrew M. Tobin, P.A., and Andrew M. Tobin (Tavernier), for appellants.

Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., and Michael T. Burke and Hudson C. Gill (Fort Lauderdale), for appellees.


Before LAGOA, LOGUE, and SCALES, JJ.

LOGUE, J.

In this inverse condemnation case, Appellants, Rodney Shands, Robert Shands, Kathryn Edwards, and Thomas Shands (collectively "the Shands"), appeal a summary judgment entered in favor of the City of Marathon. We reverse.

FACTS

The Shands sued the City of Marathon for inverse condemnation alleging that zoning and environmental regulations deprived them of all or substantially all economic use of an island they owned within the boundaries of the City. This is the second time this case has come before us. We had previously reversed an order dismissing this case as barred by the statute of limitations. Shands v. City of Marathon, 999 So. 2d 718 (Fla. 3d DCA 2008). In that prior case, we described the facts as follows:

> Dr. R.E. Shands purchased the 7.9–acre Little Fat Deer Key in 1956, and seven acres of adjacent bay bottom in 1959, before any state land use policies existed. He died in 1963, and his wife inherited the property, now known as Shands Key. She conveyed title to their children, the appellants, in 1985. From the time it was purchased until 1986, Shands Key was within Monroe County jurisdiction and was zoned General Use.
>
> In 1986, Monroe County adopted the State Comprehensive Plan and development regulations that altered Shands Key's zoning status to Conservation Offshore Island (OS), and placed it in the Future Land Use category. When the City of Marathon incorporated in 1999, it adopted the 1986 Monroe County comprehensive land use plan, and Shands Key was within the City bounds. In 2005, the City adopted the City of Marathon

2

Comprehensive Plan; the land use and zoning designations of Shands Key remained unchanged.

In 2004, the Shands filed an application for a dock permit. The application was denied, referring to the City's prohibition on development in areas classified as high quality hammocks, or areas with known threatened or endangered species. The Shands then filed a Beneficial Use Determination (BUD) application as required by the City of Marathon Code of Ordinances, Article 18. The Special Master at the conclusion of the BUD hearing found that the Shands had reasonable economic investment-backed expectations that they could build a family residence on the Key, as planned in the late 1950s. The Special Master recommended that the City grant a building permit for a single family home exempt from the Rate Of Growth Ordinance (ROGO) requirements of 0.1 units per acre, or purchase the property for a mutually agreeable sum. After a public hearing, the Marathon City Council rejected the Special Master's recommendations and denied the Shands' BUD application.

The Shands then brought suit against the City, claiming that the City's acts resulted in an as-applied regulatory taking of their property without just compensation, in violation of state and federal law.

Id. at 720–22 (footnotes omitted).

Based upon the agreement of the parties, the trial court stayed this case until a decision was reached in the Beyer v. City of Marathon, case no. 3D12-277, which was then pending before this court. Once this Court upheld a summary judgment for the City in Beyer v. City of Marathon, 197 So. 3d 563 (Fla. 3d DCA 2013), the City moved for summary judgment in this case. Finding the facts of Beyer "indistinguishable from the instant case," the trial court entered summary judgment for the City. The Shands timely appealed.

ANALYSIS

This Court reviews a trial court's ruling on a motion for summary judgment de novo. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Id.

Summary judgment "is designed to test the sufficiency of the evidence to determine if there is sufficient evidence at issue to justify a trial or formal hearing on the issues raised in the pleadings." Florida Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006). Because summary judgment tests the sufficiency of the evidence to justify a trial, it "is proper only if, taking the evidence and inferences in the light most favorable to the non-moving party, and assuming the jury would resolve all such factual disputes and inferences favorably to the non-moving party, the non-moving party still could not prevail at trial as a matter of law." Moradiellos v. Gerelco Traffic Controls, Inc., 176 So. 3d 329, 334–35 (Fla. 3d DCA 2015).

A court considering summary judgment must avoid two extremes. On one hand, a "party should not be put to the expense of going through a trial, where the only possible result will be a directed verdict." Perez-Rios v. Graham Companies, 183 So. 3d 478, 479 (Fla. 3d DCA 2016) (quoting Martin Petroleum Corp. v. Amerada Hess Corp., 769 So. 2d 1105, 1108 (Fla. 4th DCA 2000)). On the other hand, "a motion for summary judgment is not a trial by affidavit or deposition.

4

Summary judgment is not intended to weigh and resolve genuine issues of material fact, but only identify whether such issues exist. If there is disputed evidence on a material issue of fact, summary judgment must be denied and the issue submitted to the trier of fact." Perez–Gurri Corp. v. McLeod, 238 So. 3d 347, 350 (Fla. 3d DCA 2017).

The Shands argue the trial court improperly granted summary judgment for the City because the regulations at issue constituted a facial, categorical taking of their property. In the prior appeal of this matter, an earlier dismissal of this case based on the statute of limitations was reversed precisely because we characterized the Shands' claim as being "as applied" and not "facial." Shands, 999 So. 2d at 726 ("As this is not a claim for a facial taking, but an as applied taking, it follows that the statute of limitations did not begin to run until February 27, 2007, when the City of Marathon rejected with finality the Special Master's BUD recommendation and denied the Shands' BUD application."). The trial court therefore properly treated this case as an "as applied" challenge.

The Shands' main argument is that the summary judgment for the City is improper because the trial court erred by determining Beyer was factually on all fours with the instant case. We affirmed summary judgment in Beyer, because "under an 'as applied' takings analysis, the Beyers were not deprived of all economically beneficial use of the property." Beyer, 197 So. 3d at 566–67. This

5

was so because the "City assigned the Beyers sixteen points under its Residential Rate of Growth Ordinance, having a value of $150,000," and therefore "[t]he award of ROGO points, coupled with the current recreational uses allowed on the property, reasonably meets the Beyers' economic expectations under [the facts of that case]." Id.

While Beyer involved the same regulations in the same municipality, it did not involve the same property. "In an as-applied taking claim, the landowner challenges the specific impact of the regulation on a particular property." Shands, 999 So. 2d at 723. Unlike the record in Beyer, the record here, for example, contains no valuation of the ROGO points. Without a valuation of the ROGO points, it cannot be said, as the trial court did here, that the facts of Beyer are "indistinguishable from the instant case," and therefore it cannot be said that the City is entitled to a judgment as a matter of law. The valuation of the ROGO points and other facts of Beyer cannot mechanically be imported into this case both because a motion for summary judgment can only be granted based on the record in a particular case and, as mentioned above, an "as applied" takings challenge can only be resolved based upon the impact of the regulation on a particular parcel of property.

Reversed.