LOGUE, J.
Cascar, LLC, appeals the summary final judgment entered in favor of the City of Coral Gables, the City of Coral Gables Commission, and the Historic Preservation Board of the City of Coral Gables (collectively, the "City"). On appeal, we review whether the City's 2012 application of a 1984 ordinance to the subject property *1233 gives rise to a cause of action under the Bert J. Harris, Jr., Private Property Rights Protection Act. § 70.001, Fla. Stat. Because the grandfather provision of the Harris Act expressly bars claims that arise from the application of an ordinance enacted on or before May 11, 1995, including when the application of the ordinance occurs after that date, we affirm the trial court's grant of summary judgment finding that Cascar did not have a cause of action under the Harris Act.
Background
At the heart of this controversy is a historic residence located on two acres of waterfront property in Coral Gables, Florida. The residence was designed by architect Alfred Browning Parker and the owner, noted philanthropist Beulah Carlin, in 1966. Several years after Ms. Carlin built her residence, the City Commission created the Historic Preservation Board and vested it with the power to designate properties as historic landmarks. On August 28, 1984, in furtherance of its preservation efforts, the City Commission enacted Ordinance No. 2508. Coral Gables, Fla., Ordinance No. 2508 (Aug. 28, 1984), codified at Coral Gables Zoning Code, Art. III, §§ 3-1103 & 3-1107(D). Ordinance No. 2508 promulgated preservation standards, review procedures, and the criteria to determine, among other things, whether to designate a landmark historic or to issue a demolition permit.
Ms. Carlin passed away in 2007 and title to the property transferred to Cascar. In 2012, the residence was designated a historic landmark by resolution pursuant to Section 3-1103. Cascar asserted that modern buyers found the residence undesirable and requested a permit to demolish the residence, but its request was denied by resolution pursuant Section 3-1107(D). The denial was based primarily on the residence's designation as a historic landmark.
Cascar filed a Harris Act claim to recover for diminution of the property's value allegedly caused by the refusal to allow demolition of the historic residence. The City moved for summary judgment and submitted the affidavit of Historic Preservation Officer Donna Spain, in support of its motion. Her uncontested affidavit stated the designation and the denial of the application to demolish were based on Ordinance 2508 as codified:
6. In designating the property as a local historic landmark, the Historic Preservation Board and the City Commission applied the criteria for designation of historic landmarks which appear in the Coral Gables Zoning Code at Article III, Section 3-1103.
7. The criteria that appear in Section 3-1103 were in effect in the City since the City enacted Ordinance No. 2508 on August 28, 1984.
....
9. In denying Cascar's application [for a demolition permit], the Historic Preservation Board and the City Commission considered the record and applied the criteria set forth in the Coral Gables Zoning Code, Article III, Section 3-1107(D).... These criteria have been in effect since 1984.
Cascar did not present contradictory evidence.
After a hearing, the trial court granted the City's motion for summary judgment, finding that because Ordinance No. 2508 was enacted in 1984, Cascar did not have a viable cause of action under section 70.001(12). This appeal followed.
Standard of Review
This Court reviews a trial court's ruling on a motion for summary judgment de novo.
*1234 Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Id. Summary judgment "is designed to test the sufficiency of the evidence to determine if there is sufficient evidence at issue to justify a trial or formal hearing on the issues raised in the pleadings." The Fla. Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006). Because summary judgment tests the sufficiency of the evidence to justify a trial, it "is proper only if, taking the evidence and inferences in the light most favorable to the non-moving party, and assuming the jury would resolve all such factual disputes and inferences favorably to the non-moving party, the non-moving party still could not prevail at trial as a matter of law." Moradiellos v. Gerelco Traffic Controls, Inc., 176 So. 3d 329, 334-35 (Fla. 3d DCA 2015).
A court considering summary judgment must avoid two extremes. On one hand, a "party should not be put to the expense of going through a trial, where the only possible result will be a directed verdict." Perez-Rios v. Graham Cos., 183 So. 3d 478, 479 (Fla. 3d DCA 2016) (quoting Martin Petroleum Corp. v. Amerada Hess Corp., 769 So. 2d 1105, 1108 (Fla. 4th DCA 2000) ). On the other hand, "a motion for summary judgment is not a trial by affidavit or deposition. Summary judgment is not intended to weigh and resolve genuine issues of material fact, but only identify whether such issues exist. If there is disputed evidence on a material issue of fact, summary judgment must be denied and the issue submitted to the trier of fact." Perez-Gurri Corp. v. McLeod, 238 So. 3d 347, 350 (Fla. 3d DCA 2017).
Analysis
Florida's legislature enacted the Harris Act to provide a remedy for private landowners where their property has been inordinately burdened by government action, but the government action does not amount to a constitutional taking. See § 70.001(1), Fla. Stat. "The Act filled a void in then-existing Florida law because, prior to its enactment, there was no means by which a property owner could receive compensation for adverse financial effects of government regulation of his land without satisfying the constitutional standards for a taking ...." City of Jacksonville v. Smith, 159 So. 3d 888, 892 (Fla. 1st DCA 2015). To do so, the legislature provided a limited waiver of sovereign immunity. § 70.001(13), Fla. Stat.
The legislature, however, also provided a grandfather provision. The Harris Act expressly states that its provisions do not apply "to the application of any law enacted on or before May 11, 1995." The grandfather provision reads:
No cause of action exists under this section as to the application of any law enacted on or before May 11, 1995, or as to the application of any rule, regulation, or ordinance adopted, or formally noticed for adoption, on or before that date.
§ 70.001(12), Fla. Stat. The question in this case is whether the grandfather provision bars claims when the ordinance at issue was enacted prior to May 11, 1995, but the application of the ordinance took place after that date.
In Bair v. City of Clearwater, 196 So. 3d 577, 581 (Fla. 2d DCA 2016), the Second District considered this issue and held that the grandfather provision does bar claims in this circumstance:
The reference to the enactment of an ordinance or the adoption or formal notice for adoption of an ordinance on or before May 11, 1995, makes it clear that the legislature intended to bar claims *1235 based on the application of grandfathered legislation, i.e., any law, rule, regulation, or ordinance that was in effect or formally noticed to be in effect on or before the specified date. If the legislature intended merely to preclude claims based on a governmental entity's application of an ordinance that occurred prior to May 11, 1995, it could have specified that no cause of action existed for any application of a law, rule, regulation, or ordinance that occurred prior to that date. But by its terms, section 70.001(12) precludes claims for the application of an ordinance that was in effect prior to May 11, 1995, without regard to when the application of the ordinance occurred.
Bair, 196 So. 3d at 583 (original emphasis omitted; emphases added). Because Bair properly interprets the plain and obvious meaning of the statute, we are bound to follow it: "when the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." Atwater v. Kortum, 95 So. 3d 85, 90 (Fla. 2012) (quoting Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984) ).
Applying Bair to this case, the undisputed evidence reveals that Ordinance No. 2508 was enacted on August 28, 1984 - more than ten years before the statutory cut-off date of May 11, 1995. When the City designated the residence a historic landmark in 2012, it merely applied the grandfathered-in Ordinance as codified in Section 3-1103. For the same reason, when the City denied Cascar's request for a demolition permit, it merely applied the grandfathered-in Ordinance as codified in Section 3-1107(D). Under Bair, therefore, the application of the Ordinance to the subject property does not give rise to a cause of action under the Harris Act.
Cascar argues that a different result is mandated by the cases of Wendler v. City of St. Augustine, 108 So. 3d 1141 (Fla. 5th DCA 2013), Citrus County v. Halls River Development, Inc., 8 So. 3d 413 (Fla. 5th DCA 2009), and Brevard County v. Stack, 932 So. 2d 1258 (Fla. 5th DCA 2006). But these cases are inapposite. They do not deal with the grandfather provision of section 70.001(12). They deal instead with section 70.001(11), which establishes when a Harris Act claim is ripe and creates a one-year time limit for bringing a Harris claim.[1] Obviously, whether a regulation was grandfathered-in is separate and distinct from whether a Harris Act claim is ripe. Cascar's argument improperly confounds these different issues and sections.
Affirmed.

Subsection 11 provides, in pertinent part:
(11) A cause of action may not be commenced under this section if the claim is presented more than 1 year after a law or regulation is first applied by the governmental entity to the property at issue.
(a) For purposes of determining when this 1-year claim period accrues:
1. A law or regulation is first applied upon enactment and notice as provided for in this subparagraph if the impact of the law or regulation on the real property is clear and unequivocal in its terms and notice is provided by mail to the affected property owner or registered agent at the address referenced in the jurisdiction's most current ad valorem tax records....
2. Otherwise, the law or regulation is first applied to the property when there is a formal denial of a written request for development or variance.
§ 70.001(11), Fla. Stat.