DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICHARD CLEVELAND,**
Appellant,

v.

**WESTPORT RECOVERY CORPORATION,**
Appellee.

No. 4D20-2445

[December 8, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case No. 502016CA009470.

Michael P. Reitzell of Michael P. Reitzell, P.A., West Palm Beach, for appellant.

Debra L. Greenberg of Friedman & Greenberg, P.A., Plantation, for appellee.

KLINGENSMITH, J.

This case centers around an allegation of fraudulent conveyance involving a mother's sale of real property to her son, Appellant Richard Cleveland. The trial court granted summary judgment in favor of Appellee Westport Recovery Corporation ("Westport"), determining that the property's sale and transfer violated Florida's Uniform Fraudulent Transfer Act ("FUFTA"). For the reasons set forth below, we reverse the trial court's final summary judgment.

In January 2011, Deborah Strong purchased a non-homestead property (the "1906 Property") in part with a mortgage and with $12,400.00 provided by Appellant as a gift in equity. Westport later sued Strong to recover on a previous judgment as well as almost twenty years of accrued interest and obtained a new judgment. While Westport's lawsuit against Strong was still pending, Strong listed the 1906 Property for sale and purchased a less expensive and homestead-protected property (the "200 Main Property") by getting a balloon mortgage from Appellant with a promissory note stating that it would be due in full upon the sale of the 1906 Property. While the suit against Strong was pending, Appellant

satisfied the bank-held mortgage on the 1906 Property and paid for home improvements totaling $9,800.00 to prepare the house for sale.

Westport moved for summary judgment against Strong, who did not oppose the motion. Nine days later, Strong sold the 1906 Property to Appellant for $100.00. Appellant then sold the 1906 Property to a third party, who were good faith transferees, for $95,000.00. Westport then obtained a new judgment against Strong after summary judgment was granted. However, Westport was unable to recover on the judgment against Strong because she and Appellant conducted multiple real estate transactions to transfer ownership of the 1906 Property.

Because the 1906 Property was unavailable to satisfy the judgment, Westport sued both Strong and Appellant under FUFTA, alleging that the transfer of the 1906 Property was made with the intent to delay, hinder, or defraud Strong's creditors and was fraudulent under section 726.105, Florida Statutes (2016). As part of the suit, Westport also sought monetary damages against Appellant under section 726.109(2), Florida Statutes (2016). In their answer, Appellant and Strong alleged that there was adequate consideration for the purchase of the 1906 Property and neither intended to improperly avoid Strong's creditors. Westport later moved for summary judgment, arguing Appellant's consideration to Strong for the purchase of the 1906 Property was inadequate because neither Appellant's gift in equity[1] nor the loan for the 200 Main Property constituted consideration for the sale.

Following a hearing, the trial court granted Westport's summary judgment motion finding Westport established all the elements of fraudulent conveyance under section 726.105(1)(a). The trial court determined that the transfer of the 1906 Property from Strong to Appellant was a fraud upon Strong's creditors and voidable under section 726.108(1)(a), Florida Statutes (2016). The trial court also found Westport was entitled to money damages from Appellant under section 726.109(2).

Summary judgment is appropriate "if the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c) (pre-May 2021 amendment). The Florida Supreme Court amended Florida Rule of Civil Procedure 1.510(c)

---

[1] Appellant concedes on appeal that the gift in equity was not consideration because it was not an antecedent debt and does not fit into other definitions of value. *See In re Goldberg*, 229 B.R. 877, 884 (Bankr. S.D. Fla. 1998).

to adopt the federal summary judgment standard, effective May 1, 2021. *See In re Amends. to Fla. Rule of Civ. Proc. 1.510*, 309 So. 3d 192, 194 (Fla. 2020). This amendment does not apply here, because the trial court entered final summary judgment in August 2020, before the amendment's effective date. *See Wilsonart, LLC v. Lopez*, 308 So. 3d 961, 964 (Fla. 2020) (stating that the amendment to rule 1.510 is prospective).

Because the amendment is prospective, we analyze this appeal under the old standard. *See id.*; *see also Lorber v. Passick as Tr. of Sylvia Passick Revocable Tr.*, No. 4D20-393, 2021 WL 3891004 at *3 n.3 (Fla. 4th DCA Sept. 1, 2021) (applying the old summary judgment standard when final summary judgment was rendered before May 1, 2021).

"The standard of review of the entry of summary judgment is *de novo.*" *Craven v. TRG-Boynton Beach, Ltd.*, 925 So. 2d 476, 479 (Fla. 4th DCA 2006). "[S]ummary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." *Lorber*, 2021 WL 3891004 at *3 (quoting *Volusia County. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000)).

"The burden is initially on the movant. Only where the movant tenders competent evidence in support of his motion does the burden shift to the other party to come forward with opposing evidence." *Russell v. BAC Home Loans Servicing, LP*, 239 So. 3d 98, 99 (Fla. 4th DCA 2018) (quoting *Craven*, 925 So. 2d at 480). "At both the trial and appellate level, all evidence and inferences from the evidence must be taken in the light most favorable to the non-moving party." *Moradiellos v. Gerelco Traffic Controls, Inc.*, 176 So. 3d 329, 334 (Fla. 3d DCA 2015).

"If there is disputed evidence on a material issue of fact, summary judgment must be denied and the issue submitted to the trier of fact." *Gorrin v. Poker Run Acquisitions, Inc.*, 237 So. 3d 1149, 1153 (Fla. 3d DCA 2018) (quoting *Perez-Gurri Corp. v. McLeod*, 238 So. 3d 347, 350 (Fla. 3d DCA 2017)).

At the summary judgment hearing, Appellant presented his own affidavit and one from Strong as evidence that he was helping Strong secure new housing because she was having financial difficulties and neither intended to defraud Strong's creditors. *See id.* This evidence was sufficient under the prior summary judgment standard to create a genuine issue of material fact. *See Nationsbank, N.A. v. Coastal Utils., Inc.*, 814 So. 2d 1227, 1231 (Fla. 4th DCA 2002); *see also Gorrin*, 237 So. 3d at 1154 (quoting *Auto. Sales, Inc. v. Federated Mut. Implement & Hardware Ins. Co.*,

256 So. 2d 386, 386 (Fla. 3d DCA 1972)) ("Ordinarily, the issue of fraud is not a proper subject of a summary judgment.").

We therefore reverse the trial court's summary judgment and do so without prejudice for Westport to file a subsequent motion for summary judgment to be evaluated by the trial court under the new standard. *See Wilsonart*, 308 So. 3d at 964 (reversing summary judgment without prejudice for the party to seek summary judgment under the new standard). Because this case is being remanded to the trial court for further proceedings, we need not consider Appellant's other issues on appeal as Appellant will have the opportunity to raise them once again below.

*Reversed and remanded for further proceedings.*

WARNER and LEVINE, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**