# Third District Court of Appeal

## State of Florida

Opinion filed December 4, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0895
Lower Tribunal No. 16-6303
_____

**Citizens Property Insurance Corporation**,
Appellant,

vs.

**Ramon Arias, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Cole, Scott & Kissane, P.A., and Robert Guinn and Maxwell Zaitz; Link & Rockenbach, PA, and Kara Rockenbach Link and Daniel M. Schwarz (West Palm Beach), for appellant.

Mintz Truppman, P.A., and Timothy H. Crutchfield, for appellees.


Before LOGUE, C.J., and EMAS and SCALES, JJ.

SCALES, J.

In this first-party insurance case, appellant and defendant below Citizens Property Insurance Corporation ("Citizens") appeals a May 2, 2023 final judgment entered in favor of its insureds, appellees and plaintiffs below Ramon and Aleida Arias (together, "Arias"). The final judgment resulted from a series of trial court partial summary judgment orders, and other interlocutory orders, that effectively determined, as a matter of law, that Citizens's coverage defenses were not applicable to Arias's loss.[1] Because the record reveals genuine issues of material fact as to the cause of Arias's loss, we reverse the challenged interlocutory orders identified below, as well as the final judgment.

A. The partial summary judgment orders[2]

Citizens challenges three partial summary judgment orders entered on Citizens's coverage affirmative defenses. These defenses alleged that Arias's loss was not covered by the policy because the water damage was caused not by an accidental discharge of water from a plumbing line, as alleged by Arias, but rather, by a constant or repeated seepage or leakage

---

[1] We have jurisdiction to review the trial court's interlocutory orders that occasioned the entry of the final judgment. See Fla. R. App. P. 9.110(h).

[2] We review a summary judgment de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).

from different sources within the Arias residence and by a wear and tear and deterioration of a plumbing line.

These partial summary judgment orders, dated July 25, 2018, August 9, 2018, and August 9, 2018, respectively, were entered under Florida's former summary judgment standard,[3] which precluded the entry of summary judgment if the record revealed any evidence that would create a genuine issue of material fact and justify a trial. Perez-Gurri Corp. v. McLeod, 238 So. 3d 347, 349 (Fla. 3d DCA 2017). In opposition to Arias's partial summary judgment motions, Citizens filed an inspection report by Omega Forensics Engineering, LLC, through its investigating engineer, Gregory D. Loomis ("Loomis"), whose findings challenged Arias's claim of water intrusion due to a sudden and accidental plumbing system back-up into several rooms of the residence. Hence, the summary judgment evidence plainly revealed disputed issues of material fact precluding summary judgment.

It appears that, in entering the summary judgment orders, the trial court imposed limitations on the exclusions raised in Citizens's coverage defenses. Specifically, the trial court ruled that, as a matter of law, because

---

[3] See In re: Amends. to Fla. Rule of Civil Procedure 1.510, 317 So. 3d 72 (Fla. 2021); Gervas v. Gazul Producciones SL Unipersonal, 358 So. 3d 1257, 1259 n.3 (Fla. 3d DCA 2023).

3

Citizens had inspected the Arias home prior to renewing their policy, Citizens could rely on evidence of wear and tear occurring only *after* the home inspection. The trial court also ruled that, as a matter of law, damage to the home occurring *before* seepage or leakage became constant or repeated potentially was covered. We find no authority in Florida law or the insurance policy supporting such limitations on the coverage defenses asserted by Citizens.

Because the summary judgment record evidenced many genuine issues of material fact, we reverse each of the July 25, 2018, August 9, 2018, and August 9, 2018 partial summary judgment orders.

B. The ruling on Citizens's motion for leave to amend[4]

After the trial court entered the partial summary judgment orders, Citizens sought to amend its answer and affirmative defenses to add an affirmative defense based on a policy exclusion for water damage that results from water that has backed up through pipes connected to a septic tank. Arias argued in opposition to Citizen's motion that, as a matter of law, the septic system was not part of the residence or the internal plumbing system where the plumbing failure occurred, therefore, granting leave to amend

---

[4] We review an order denying a motion for leave to amend a pleading for abuse of discretion. See GEICO Indem. Co. v. Simply Health Care, Inc., 359 So. 3d 1237, 1238 (Fla. 3d DCA 2023).

would be futile. On November 21, 2019, the trial court denied Citizens's motion, accepting Arias's argument that the proposed defense would be futile. See GEICO Gen. Ins. Co. v. A & C Med. Ctr., Inc., 357 So. 3d 233, 234-35 (Fla. 3d DCA 2023).

Florida is liberal in allowing the amendment of pleadings. See Fla. R. Civ. P. 1.190(a). At the point that Citizens sought this amendment, the case was still proceeding to trial, though Citizens's case was hobbled by the trial court's earlier summary judgment rulings. The extent to which the plumbing system was related to the septic tank, and the extent to which any damage to Arias's home was caused by such a back-up, were issues of fact that Citizens should have been able to plead and attempt to prove.

We reverse the November 21, 2019 order and, on remand, Citizens should be allowed to amend its pleadings to add this affirmative defense.

C. The *Daubert* ruling[5]

Finally, after entering the partial summary orders and the order denying Citizens leave to amend, the trial court, on December 16, 2022, entered an order granting Arias's motion to strike the testimony and report of Citizens's expert, Loomis. Arias's motion asserted a litany of reasons why Loomis's

---

[5] We review a trial court's striking of a party's expert under an abuse of discretion standard. See United Auto. Ins. Co. v. Cent. Therapy Ctr., 325 So. 3d 252, 255 (Fla. 3d DCA 2021).

work was flawed, and how Loomis's testimony allegedly did not satisfy any of the three prongs of section 90.702 of the Florida Statutes.[6]  The trial court granted Arias's motion, determining that Loomis did not meet the <u>Daubert</u> standard for expert testimony. <u>See</u> <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993).

We conclude that the trial court abused its discretion in striking Loomis's testimony. Loomis conducted a detailed, on-site inspection; gathered additional information; and applied his engineering experience and training by conducting moisture readings, by making observations about long-term versus short-term water damage to the home, and by applying

---

[6] Section 90.702 provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion or otherwise, if:
>
> (1) The testimony is based upon sufficient facts or data;
> (2) The testimony is the product of reliable principles and methods; and
> (3) The witness has applied the principles and methods reliably to the facts of the case.

§ 90.702, Fla. Stat. (2022).

scientific principles to water flow from a plumbing system. Loomis's engineering experience led him to opine that he observed little to corroborate Arias's version of events. If this opinion was unsound, then Arias would have the opportunity to challenge it by cross-examination. As this Court has said, in applying the Daubert rubric, the focus is on what the expert did rather than on what he concluded. Peng v. Citizens Prop. Ins. Corp., 337 So. 3d 488, 494 (Fla. 3d DCA 2022).

We reverse the December 16, 2022 order striking Loomis as an expert witness for Citizens.

D. Conclusion

Because these interlocutory orders were essential to the trial court's ultimate judgment, we reverse them and the final judgment and remand for proceedings consistent herewith.

Final judgment reversed; remanded with instructions.