# Third District Court of Appeal

## State of Florida

Opinion filed April 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1910
Lower Tribunal No. 21-15527
_____

**Saleena Mia Bernard,**

Appellant,

vs.

**Bookxchange, LLC,**

Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alan Fine, Judge.

AM Law, LLC, and Gary M. Murphree, for appellant.

Leto Law Firm, and Matthew P. Leto and Charles P. Gourlis, for appellee.

Before EMAS, FERNANDEZ, and BOKOR, JJ.

BOKOR, J.

Appellant Saleena Mia Bernard appeals the entry of a permanent injunction enforcing a non-compete clause in her employment agreement with her former employer, Bookxchange, LLC. Bernard argues that the trial court lacked sufficient evidence to find that she violated the covenant, as well as that the court was precluded from enforcing the agreement because it was unsupported by a legitimate business interest of the employer, and/or that both the agreement and injunction were overbroad. We affirm as to the former three theories without discussion. We also affirm as to the scope of the injunction but write to note that this is without prejudice to seeking a modification of the injunction if the hypothetical overbreadth of which Bernard complains were to come to pass.

"A court should not issue an injunction broader than necessary to protect the injured party under the particular circumstances. Rather, the order should be adequately particularized, especially where some activities may be permissible and proper." Smith v. Short, 332 So. 3d 1064, 1067 (Fla. 2d DCA 2021) (cleaned up); see also Seaboard Rendering Co. v. Conlon, 12 So. 2d 882, 883 (Fla. 1943) ("It is a rule that an injunctive order should not be broader than is necessary to secure to the injured party the relief warranted by the particular facts without injustice to his adversary.").

The relevant provisions of the agreement at issue here prevent employees of Bookxchange (a bookseller, as the name implies) from "tend[ing] any assistance" or "perform[ing] any services for" a competitive business during their employment and for a limited time thereafter. Bookxchange sought the injunction to prevent Bernard (a former financial controller for Bookxchange) from providing accounting advice to Doriah Zaret, the former Chief Financial Officer of Bookxchange who later founded his own competing company. The parties do not dispute that Bernard was privy to confidential information during her time with Bookxchange and that this information, which included customer lists, pricing methods, and marketing strategies, could be used to unfairly benefit a competitor if disclosed. Thus, we agree that the trial court was within its discretion to enter the injunction.

However, Bernard argues that the injunction itself goes beyond what is necessary to protect Bookxchange's interests under these circumstances. The trial court enjoined Bernard from divulging Bookxchange's confidential information or contacting Bookxchange's employees, clients, customers, and suppliers for the purpose of providing "any assistance related to the purchase and/or sale of books" for the duration of the employment agreement. These conditions appear reasonable and directly related to the specific harms

3

sought to be prevented. However, the court also permanently enjoined Bernard from "directly or indirectly providing any assistance related to the purchase and/or sale of any books or for any other business transaction related to the purchase and/or sale of books with any third party," which Bernard argues provides no clear limitations and can be construed to apply to almost anything. The purportedly overbroad language must be read in context of the entire injunction, not in isolation. Because these conditions are reasonably tied to the behavior Bernard engaged in that resulted in the injunction, Bernard's arguments as to overbreadth fall flat.

At most, Bernard provides some innocent hypothetical situations that, on a strained and isolated reading of the purportedly offending language, may be outside the necessary scope of the injunction. The trial court, however, possesses broad discretion in fashioning an injunction. This court previously explained that "[t]he trial court is afforded broad discretion in granting, denying, dissolving, or modifying injunctions, and unless a clear abuse of discretion is demonstrated, an appellate court must not disturb the trial court's decision." Jackson v. Echols, 937 So. 2d 1247, 1249 (Fla. 3d DCA 2006). And we will not nit-pick or second-guess the language used based on a mere hypothetical issue relying on an isolated and strained reading of certain language. "[I]t is well settled that a single contractual term

4

[or term of an injunction] must not be read in isolation." Beach Towing Servs., Inc. v. Sunset Land Assocs., LLC, 278 So. 3d 857, 861 (Fla. 3d DCA 2019); see also Perez-Gurri Corp. v. McLeod, 238 So. 3d 347, 350 (Fla. 3d DCA 2017) ("When interpreting a contract, the court must first examine the plain language of the contract for evidence of the parties' intent." (quotation omitted)). Similarly, in the context of statutory interpretation, the Florida Supreme Court explained that we must not examine language in isolation "because '[t]he plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'" Conage v. United States, 346 So. 3d 594, 598 (Fla. 2022) (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 341 (1997)).

Bernard also argues that the injunction impermissibly targets third parties. The trial court directed that "[t]his Order is binding on Bernard and her agents, servants, employees, and attorneys, and on those persons in active concert or participation with her." Such language is often included in releases, injunctions, and statutory schemes to prohibit those under a party's direction, control, or influence from doing the very activities that the party would be prohibited from doing. Under the circumstances here, the inclusion of such language did not constitute an abuse of discretion.

5

Affirmed.